[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]

United States Court of Appeals
For the First Circuit

No. 98-2243

IN RE: CHARLES J. CANNON AND WILLIAM L. BLAGG,

Petitioners.

ON PETITION FOR MANDAMUS TO THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND AND THE

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

[Hon. Arthur N. Votolato, Jr., U.S. Bankruptcy Judge]

Before

Selya, Boudin and Stahl,

Circuit Judges.

Robert B. Mann and Mann & Mitchell on brief for petitioner
Blagg.
Carter G. Phillips, James C. Stansel and Sidley & Austin on
brief for petitioner Cannon.

March 30, 1999

Per Curiam. Petitioners, Charles J. Cannon and William
L. Blagg, are government attorneys who seek to vacate certain
unflattering comments made by a bankruptcy judge in the course of
two published opinions. See In re Williams, 188 B.R. 721 (Bankr.
D.R.I. 1995); In re Williams, 181 B.R. 1 (Bankr. D.R.I. 1995). 
Petitioners originally mounted an offensive on two fronts to
counteract these opinions; they appealed to the district court,
claiming that the bankruptcy judge's adverse comments amounted to
"sanctions," and they simultaneously asked the district court for
mandamus relief. The district court rejected both overtures. SeeIn re Williams, 215 B.R. 289 (D.R.I. 1997). Petitioners then
appealed to this court, but in so doing, they failed to renew their
request for relief by way of mandamus. See In re Williams, 156
F.3d 86, 93 (1st Cir. 1998).
We dismissed petitioners' appeals on the ground that the
bankruptcy judge's comments did not constitute an appealable
judgment or order. See id. at 92. Petitioners' application for
rehearing en banc was denied by an equally divided court. They
then filed both an application for certiorari in the United States
Supreme Court and an original petition for mandamus in this court. 
We held the latter petition in abeyance pending Supreme Court
action. On January 25, 1999, the Supreme Court denied certiorari. 
See Cannon v. Williams, 119 S. Ct. 905 (1999). Petitioners then
requested that we act on their mandamus petition. We do so today.
We believe that petitioners, by asking the district court
for mandamus relief and then failing to appeal the district court's
denial of that relief, effectively forfeited any right they may
have had to ask this court to consider the propriety of mandamus. 
In all events, mandamus is an inherently discretionary writ, and we
are unwilling to exercise discretion in favor of parties who had an 
ample opportunity to pursue a point, but elected not to press it in
the ordinary course.
We need go no further. The petition for writ of mandamus
is denied.